**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4429-18T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KONTAR ANTHONY a/k/a
DOUGH BOY and ANTHONY
KONTAR,

    Defendant-Appellant.

_____

Submitted March 30, 2020 – Decided June 10, 2020

Before Judges Fasciale and Moynihan.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 95-10-3301.

Kontar Anthony, appellant pro se.

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Kontar Anthony appeals from an order denying his motion to correct an illegal sentence and related order denying his motion for reconsideration, arguing:

POINT I

THE [MOTION JUDGE] ERRED IN FAILING TO GRANT [DEFENDANT'S] MOTION TO CORRECT AN ILLEGAL SENTENCE TO ENSURE A UNIFORM APPLICATION AND FULL IMPLEMENTATION OF STATE V. ZUBER, 227 N.J. 422 (2017).

POINT II

THE [MOTION JUDGE'S] RULING IS NOT SUPPORTED BY SUFFICIENT, CREDIBLE EVIDENCE IN THE RECORD.

After considering the record and the briefs, we conclude that defendant's Point II arguments are "without sufficient merit to warrant discussion in a written opinion." R. 2:11-3(e)(2). We are also unpersuaded by his remaining argument and affirm.

Defendant was sixteen years old when he committed the offenses of which he was found guilty by jury: second-degree conspiracy to commit robbery and/or murder, N.J.S.A. 2C:5-2, N.J.S.A. 2C:15-1 and N.J.S.A. 2C:11-3 (count one); first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2) (count two); first-degree felony murder, N.J.S.A. 2C:11-3(a)(3) (count three); first-degree

robbery, N.J.S.A. 2C:15-1 (count four); third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (count five); and second-degree possession of a weapon for unlawful purpose, N.J.S.A. 2C:39-4(a) (count six).[1] Defendant was sentenced to a forty-year prison term with thirty years of parole ineligibility for felony murder.[2] We affirmed his convictions on direct appeal. State v. Anthony, No. A-1741-96 (App. Div. May 13, 1998). Our Supreme Court denied defendant's petition for certification. State v. Anthony, 156 N.J. 408 (1998). Defendant subsequently filed a motion to correct an illegal sentence.

The motion judge rejected defendant's contention that the United States Supreme Court's holding in Miller v. Alabama, 567 U.S. 460 (2012), required

---

[1] Defendant was also charged in a single count under Indictment No. 15-09-2082 with third-degree aggravated assault – simple assault on a law enforcement officer, N.J.S.A. 2C:12-1(b)(5)(a). Defendant does not appeal from the eighteen-month prison term imposed, concurrent to the felony-murder sentence, after that charge was downgraded to fourth-degree obstructing, N.J.S.A. 2C:29-1(b).

[2] After merger of offenses, sentences on the remaining counts were run concurrent to the felony-murder sentence. Defendant does not appeal the sentences on the other counts.

resentencing, and that the factors announced by the Court should be considered,[3]

ruling defendant's "sentence is not the equivalent to '[l]ife without parole' and is

---

[3] The Miller Court set forth five factors a sentencing court must consider before "irrevocably sentencing [a juvenile offender] to a lifetime in prison." Id. at 480. Such a mandatory sentence, without possibility of parole,

> [1] precludes consideration of his chronological age and its hallmark features—among them, immaturity, impetuosity, and failure to appreciate risks and consequences.
>
> [2] It prevents taking into account the family and home environment that surrounds him—and from which he cannot usually extricate himself—no matter how brutal or dysfunctional.
>
> [3] It neglects the circumstances of the homicide offense, including the extent of his participation in the conduct and the way familial and peer pressures may have affected him.
>
> [4] Indeed, it ignores that he might have been charged and convicted of a lesser offense if not for incompetencies associated with youth — for example, his inability to deal with police officers or prosecutors (including on a plea agreement) or his incapacity to assist his own attorneys.
>
> [5] And finally, this mandatory punishment disregards the possibility of rehabilitation even when the circumstances most suggest it.
>
> [Id. at 477-78 (citations omitted).]

A-4429-18T4

not in violation of the ruling within [Zuber]." The motion judge later rejected defendant's reconsideration argument that he was "not seeking to have [Zuber] apply to [his] case," and instead based his claim

> on the newly accepted scientific evidence accepted and credited by the United States Supreme Court in . . . Roper v. Simmons, 543 U.S. 551, 569 (2005)[;] Graham v. Florida, 560 U.S. 48, 68 (2010)[;] and Miller . . . and accepted by the New Jersey Supreme Court in Zuber, which extended even greater protections under the New Jersey Constitution than the [f]ederal counterpart.

The motion judge found "the 'newly accepted scientific evidence' defendant refer[red] to does not render his sentence illegal."

Whether a defendant's sentence is illegal is an issue of law that we review de novo. State v. Drake, 444 N.J. Super. 265, 271 (App. Div. 2016). "A sentence is illegal if it 'exceeds the maximum penalty provided in the Code for a particular offense,' is 'not imposed in accordance with law,' or fails to include a mandatory sentencing requirement." State v. Locane, 454 N.J. Super. 98, 117 (App. Div. 2018) (quoting State v. Acevedo, 205 N.J. 40, 45 (2011)). In addition, we review the denial of a motion for reconsideration for an abuse of discretion, Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996), which "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg

v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigration and Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment and "guarantees individuals the right not to be subjected to excessive sanctions." Roper, 543 U.S. at 560. The Eighth Amendment's provisions are "applicable to the States through the Fourteenth Amendment." Ibid. New Jersey's analog to the Eighth Amendment similarly declares that "cruel and unusual punishments shall not be inflicted." N.J. Const. art. I, ¶ 12. In Miller, the United States Supreme Court held that a mandatory life sentence without the possibility of parole for juveniles under the age of eighteen at the time of their offense violates the Eighth Amendment's prohibition on cruel and unusual punishment. 567 U.S. at 479.

We agree with the motion judge that defendant's reliance on Miller is misplaced. Our Supreme Court recognized protections under the Federal and State Constitutions apply to juveniles sentenced to "'life without parole' or multiple term-of-years sentences that, in all likelihood, will keep [them] in jail for the rest of [their lives]." Zuber, 227 N.J. at 446. The factors announced in Miller, therefore, need be applied in cases where a juvenile's sentence "is the practical equivalent of life without parole." Id. at 446-47. "Defendants who

A-4429-18T4

serve lengthy term-of-years sentences that amount to life without parole should be no worse off than defendants whose sentences carry that formal designation." Id. at 447.

Defendant's sentence does not fall into the same category that requires consideration of the Miller factors. In Zuber, the Court ruled the imposition of minimum terms on the companion juvenile offenders—fifty-five years, in one case, and more than sixty-eight years in the other, "trigger[ed] the protections of Miller under the Federal and State Constitutions." Id. at 428, 448.

Defendant, in contrast, was sentenced to the minimum period of parole ineligibility allowed by law for felony murder, thirty years. N.J.S.A. 2C: 11-3(b)(1). He will be first eligible for parole when he is forty-six years-old; at maximum, he will be released when his is fifty-six if he serves a full forty-year base term. The juvenile defendants in Zuber would not be first eligible for parole until they were about seventy-two and eighty-five years-old, respectively. Id. at 428. Unlike those defendants, defendant does not face "potential release after five or six decades of incarceration, when [he] would be in [his] seventies and eighties[.]" Id. at 448.

The sentenced defendants in the cases cited in defendant's merits brief in support of his argument faced similar lengthy parole ineligibility periods. See

A-4429-18T4

State v. Beltran, No. A-4721-13 (App. Div. Mar. 15, 2016) (finding defendant's sentence to a sixty-year period of parole ineligibility legal), certif. granted in part and summarily remanded for resentencing, 229 N.J. 151 (2017); State v. Zarate, No. A-4090-13 (App. Div. Mar. 21, 2016) (remanding for resentencing where defendant's period of parole ineligibility was 63.75 years), certif. granted and summarily remanded for resentencing, 229 N.J. 140 (2017); State v. James, No. A-5248-13 (App. Div. Dec. 13, 2016) (affirming defendant's sentence to a 267.75-year period of parole ineligibility), certif. granted and summarily remanded for resentencing, 230 N.J. 349 (2017); and State v. Herd, No. A-4582-13 (App. Div. Mar. 9, 2016) (affirming defendant's sentence to a sixty-year period of parole ineligibility), certif. granted and summarily remanded for resentencing, 229 N.J. 135 (2017).

Inasmuch as defendant was sentenced to the minimum thirty-year period of parole ineligibility provided by statute—not the equivalent to life without parole, even considering the forty-year base term—the Miller factors need not have been considered by the judge at his sentencing hearing. So too, the scientific principles underlying the Miller decision, and the other cases cited by defendant in support of his reconsideration motion, do not mandate application of the Miller factors. As the Court noted in Zuber: "[T]he principles in Graham

are at the heart of <u>Roper</u>, <u>Miller</u>, and <u>Montgomery</u>[4] as well. They teach us, in essence, that youth matters under the Constitution. We believe that youth matters in each case that calls for a lengthy sentence that is the practical equivalent of life without parole." 227 N.J. at 448. Defendant's is not such a case; the sentence imposed here does not suggest a violation of constitutional principles. As such, both defendant's motions were correctly denied.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

_____

[4] <u>Montgomery v. Louisiana</u>, 577 U.S. __, 136 S. Ct. 718 (2016).